**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

WILLIAM J. SANDERS,

    Plaintiff/Counter-defendant,

v.                                                CASE NO.: 3:07cv402/MCR/MD

BAY STATE CABLE TIES, LLC,

    Defendant/Counterclaimant/
    Third Party Claimant,

v.

SANDERS MANUFACTURING CO., INC.,
ROBERT L. OESTRIECH,
THOMAS R. DAVIDSON, and
AMERICAS MERCHANDISE ENTERPRISES,

    Third Party Defendants.
_____/

**O R D E R**

This matter is before the court on the parties' joint stipulation. (Doc. 213). Upon consideration, the court rejects the stipulation. Although Fed.R.Civ.P. 15(a)(2) permits a party to amend its pleading with the opposing party's written consent or the court's leave, the scheduling order entered February 7, 2008, plainly provides that pleadings may be amended <u>only</u> with leave of court. (<u>See</u> doc. 48). This is particularly relevant here, given that the deadline to amend pleadings has long since passed and trial is scheduled to begin in six weeks.[1] Furthermore, pursuant to the local rules of this court, when leave is sought to amend a pleading pursuant to a motion, the motion and the proposed amended pleading

---

[1] The deadline to amend pleadings was February 15, 2008. (<u>See</u> doc. 48).

shall each be filed and docketed separately. N.D.Fla.Loc.R. 15.1. The parties' stipulation comports with neither the court's scheduling order nor the court's local rules.

Further, in their submitted stipulation, the parties simply advise the court of their agreement to an amendment of the complaint for patent invalidity under 35 U.S.C. § 102(b) and that because the question of patent validity is exclusively a matter of law for the court to decide "there is no further need for a jury trial and ... this case should be resolved by the Court and ... the proposed motion for summary judgment is the proper method to place the issue before the Court." First, the "stipulated amendment" does not address the patent infringement claims raised by Bay State in its answer and counterclaim and also its third-party complaint; at a minimum the stipulation overlooks basic pleading requirements. Second, although the court agrees that the question of patent claim construction is a matter of law for the court to decide (*see Markham v. Westview Instruments, Inc.*, 116 S.Ct. 1384(1996), the court disagrees that summary judgment is the "proper method to place the issue before the Court." In reaching this conclusion, the court notes that the proposed "stipulated amendment" does not raise a factual issue new to the parties[2]; the time for filing dispositive motions passed almost six months ago, the court denied Sander's and Sanders Manufacturing's motion for summary judgment as untimely by four months; and the matter has been set for trial on the court's docket for seven months.[3]

This case remains scheduled on the court's August 17, 2009, trial docket at which time the court will proceed with a *Markham* hearing on the issue of construction of the patent(s), followed by a trial if necessary on the issue of infringement.[4] Pursuant to the Notice Regarding Length of Trial, the court has reserved two (2) days for this bench trial.

---

[2] The motion for summary judgment filed by Sanders and rejected untimely by the court expressly argued patent invalidity under 35 U.S.C. 102(b).

[3] The complaint in this case was filed September 20, 2007. The initial trial date of February 17, 2009, was continued to August 17, 2009, due to the parties' various requests for extension of time to complete discovery. Pursuant to the November 6, 2008, order granting the parties' request to continue discovery (doc. 139), the deadline for filing dispositive motions was extended to January 20, 2009. Plaintiff/Counter-defendant Sanders, and Third-Party Defendant Sanders Manufacturing filed a motion for summary judgment on May 14, 2009, which the court denied as untimely. (Doc. 202).

[4] Although the question of patent infringement is a factual matter which may be submitted to a jury for decision (*see Moore USA, Inc. v. Standard Registration Company*, 229 F.3d 1091, 1105 (Fed. Cir. 2000), the parties in this case advised the court in April that the case would be a two day bench trial. (Doc. 194).

An order for pretrial conference shall issue separately this date.[5]

**DONE and ORDERED** this 6th day of July, 2009.

                                            s/ *M. Casey Rodgers*
                                            **M. CASEY RODGERS**
                                            **UNITED STATES DISTRICT JUDGE**

---

[5] In the pretrial stipulation, the parties may stipulate as to the agreed disposition of the state law claims.